UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CARLOS BUSTAMANTE-GARRISON                Case No.: _____

    Plaintiff,

vs.

AJI GOURMET, LLC d/b/a
AJI CEVICHE BAR, LLC,
FREDDY A. ZUBIETA and
REINHOLD LOTTERER,

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff CARLOS BUSTAMANTE-GARRISON by and through the undersigned counsel, hereby files this Complaint against the above-named Defendants, AJI GOURMET, LLC D/B/A AJI CEVICHE BAR, LLC, FREDDY A. ZUBIETA and REINHOLD LOTTERER.

## NATURE OF THE CASE

1. This is an action brought by Plaintiff CARLOS BUSTAMANTE-GARRISON, (hereafter "Plaintiff") against his former employers, Defendants AJI GOURMET, LLC d/b/a AJI CEVICHE BAR, LLC, FREDDY A. ZUBIETA and REINHOLD LOTTERER (hereafter referred to as "Defendants") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. During the term of Plaintiff's employment, Plaintiff performed work for Defendants in excess of 40 hours in a workweek for which he was not compensated at one-and-a-half times his regular rate of pay.

3. Defendants had a practice of paying Plaintiff his regular hourly rate for hours worked over 40 in a workweek at Plaintiff's regular rate of $14.00 per hour.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction conferred by 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

5. Venue is proper in the Orlando Division of the Middle District of Florida under Local Rule 1.02 of the Local Rules of the Middle District of Florida. Orange County has the greatest nexus with the cause, because it is where Plaintiff provided services and is also where Defendants conducted business.

## PARTIES

6. Plaintiff CARLOS BUSTAMANTE-GARRISON is a resident of Orange County. Plaintiff is a former employee of Defendants, AJI GOURMET, LLC d/b/a AJI CEVICHE BAR, LLC, located in Orlando, Florida.

7. Plaintiff CARLOS BUSTAMANTE-GARRISON worked as a line cook for Defendants and is an "employee" as defined by the laws under which this action is brought.

8. Defendants AJI GOURMET, LLC d/b/a AJI CEVICHE BAR, LLC, FREDDY A. ZUBIETA and REINHOLD LOTTERER are "employers" as defined by the laws under which this action is brought.

9. Defendants AJI GOURMET, LLC d/b/a AJI CEVICHE BAR, LLC,

FREDDY A. ZUBIETA and REINHOLD LOTTERER operate a restaurant business in Orlando, Florida.

10. Defendant AJI GOURMET, LLC d/b/a AJI CEVICHE BAR, LLC is a corporation organized and existing under and by virtue of the laws of Florida.

11. Defendant REINHOLD LOTTERER is an individual resident of the State of Florida, who owned and/or operated AJI GOURMET, LLC d/b/a AJI CEVICHE BAR, and who regularly: a) exercised control over the day-to-day operations of said entity; b) had personal and direct involvement in employment affairs; c) controlled terms of employment, including Plaintiff's terms of employment; d) had the authority to set employee wages; and e) supervised Plaintiff.

12. Defendant FREDDY A. ZUBIETA is an individual resident of the State of Florida, who owned and/or operated AJI GOURMET, LLC d/b/a AJI CEVICHE BAR, and who regularly: a) exercised control over the day-to-day operations of said entity; b) had personal and direct involvement in employment affairs; c) established employee work schedules, including Plaintiff's schedules; d) controlled terms of employment, including Plaintiff's terms of employment; e) had the authority to set employee wages; and f) supervised Plaintiff.

## COVERAGE

13. Defendant AJI GOURMET, LLC d/b/a AJI CEVICHE BAR, LLC is an enterprise engaged in commerce, or in the production of goods for

commerce covered by the FLSA and as defined by 29 U.S.C. § 203.

14. Defendants are engaged in the restaurant industry, and were thus engaged in interstate commerce, *inter alia,* by working on or otherwise handling goods moving in interstate commerce, and purchasing food and supplies manufactured outside the state of Florida, which move across state lines in the flow of commerce. Defendants sell food and supplies in the stream of commerce and accept payment from customers through credit cards and checks from banks located outside the state of Florida. Defendants also host one or more websites viewed by potential customers across state lines, and send faxes, e-mails, and other communications across state lines.

15. Upon information and belief, AJI GOURMET, LLC d/b/a AJI CEVICHE BAR, LLC's annual gross volume of sales exceeded $500,000.00 per year at all relevant times.

16. Defendant AJI GOURMET, LLC d/b/a AJI CEVICHE BAR, LLC is an employer within the definition of the FLSA, 29 U.S.C. § 203.

17. Defendants FREDDY A. ZUBIETA and REINHOLD LOTTERER are employers within the definition of the FLSA, 29 U.S.C. § 203.

18. During the term of his employment, Plaintiff CARLOS BUSTAMANTE-GARRISON was engaged in commerce and was therefore subject to the individual coverage of the FLSA. 29 U.S.C. § 206.

19. The services performed by Plaintiff were essential, necessary, and

an integral part of the business conducted by Defendants.

20. Plaintiff was a covered employee for purposes of the FLSA pursuant to 29 U.S.C. § § 207 and 206.

## FACTUAL BACKGROUND

21. Plaintiff CARLOS BUSTAMANTE-GARRISON was employed by Defendants AJI GOURMET, LLC d/b/a AJI CEVICHE BAR, LLC, FREDDY A. ZUBIETA and REINHOLD LOTTERER from May of 2020 to June of 2021.

22. Plaintiff held a line cook position at the time of separation.

23. Plaintiff's duties included preparing food and cleaning.

24. Plaintiff was an hourly employee.

25. Plaintiff's first hourly rate was $13.00 per hour and his last hourly rate was $14.00 per hour.

26. During his employment with Defendants, Plaintiff was classified as non-exempt.

27. Plaintiff did not satisfy any of the requirements for overtime exemptions set forth in the FLSA.

28. During the period covered by the employment, Plaintiff worked more than 40 hours in a workweek and was not compensated at the statutory rate of one and one-half times his regular rate of pay.

29. Specifically, Plaintiff worked 6 to 7 days a week and usually did not take an hour lunch break.

30. Plaintiff worked an average of 54 to 60 hours a week but was paid all

hours at his regular rates of $13.00 or $14.00 per hour during the period of employment.

31. Plaintiff's overtime hours were not included in his payroll check. These hours were paid separately at a lower rate than time and one-half his $14.00 hourly rate.

32. Defendants AJI GOURMET, LLC d/b/a AJI CEVICHE BAR, LLC and FREDDY A. ZUBIETA prepared the Plaintiff's work schedules, required Plaintiff to work in excess of 40 hours per week, and were responsible for paying Plaintiff's wages.

33. Defendants AJI GOURMET, LLC d/b/a AJI CEVICHE BAR, LLC, FREDDY A. ZUBIETA and REINHOLD LOTTERER were aware that Plaintiff was working more than 40 hours per week without proper compensation, but did not cure the ongoing FLSA violations.

34. Defendants' actions were willful and/or showed reckless disregard as to whether their conduct was prohibited by the FLSA.

35. Plaintiff's time and payroll records (including the hours worked in each workweek) should be in Defendants' custody and control, pursuant to 29 C.F.R. § 516.  However, the accuracy, completeness, and sufficiency of such records is unknown at this time.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

36. Plaintiff CARLOS BUSTAMANTE-GARRISON re-alleges and incorporates the allegations contained in Paragraphs 1 through 35 above.

37. Defendants AJI GOURMET, LLC d/b/a AJI CEVICHE BAR, LLC, FREDDY A. ZUBIETA and REINHOLD LOTTERER failed to pay Plaintiff properly for all hours worked in excess of 40 hours in a workweek in compliance with the FLSA.

38. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of 40 hours in a workweek.

39. As a result of Defendants' willful violation of the FLSA, Plaintiff CARLOS BUSTAMANTE-GARRISON is entitled to damages, liquidated damages, pre-judgment interest, attorney's fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CARLOS BUSTAMANTE-GARRISON respectfully requests judgment against Defendants AJI GOURMET, LLC d/b/a AJI CEVICHE BAR, LLC, FREDDY A. ZUBIETA and REINHOLD LOTTERER, and the following damages:

a. Unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

b. Liquidated damages in an amount equal to the overtime compensation owed in accordance with 29 U.S.C. § 216(b);

c. Pre-judgment interest;

d. Attorneys' fees and costs as provided by 29 U.S.C. § 216(b); and

e. Such further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

40.     Plaintiff requests a jury trial to the extent authorized by law.

Dated: September 17, 2021.          Respectfully submitted,

      /s/ Marie E. Masson
Marie E. Masson, Esquire
Florida Bar No.: 0468381
**Masson Law Firm, P.A.**
*Attorney for the Plaintiff*
P.O. Box 120490
Clermont, FL 34712
Telephone: (352) 777-9222
Facsimile: (877) 737-5312
E-mail: mmasson@massonlawfirm.com